UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

```
U.S. DISTRICT COURT - N.D. OF N.Y.
        FILED
      MAY - 3 2010
AT_____O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse
```

-------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :

                            **Plaintiff,**    :

                                    :

               - against -    :

                                      :       **1:10-CV-513 (NAM/RFT)**

MATTHEW JOHN RYAN and    :
PRIME RATE AND RETURN, LLC,    :
**individually and doing business as**    :
AMERICAN INTEGRITY FINANCIAL CO.,    :

                          **Defendants**    :

-------------------------------------------------------x

APPEARANCES:
Securities and Exchange Commission
Kristine M. Zaleskas, Esq., of counsel
Preethi Krishnamurthy, Esq., of counsel
Steven G. Rawlings, Esq., of counsel
3 World Financial Center
New York, New York 10281
Attorneys for Plaintiff

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### ORDER TO SHOW CAUSE,
### TEMPORARY RESTRAINING ORDER,
### AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

    On the Emergency Application of Plaintiff Securities and Exchange Commission (the "Application") for an Order:

1.    directing Defendants Matthew J. Ryan and Prime Rate and Return, LLC ("Prime Rate"), individually and doing business as American Integrity Financial Co. ("American Integrity"), (collectively, the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

    (a)    preliminarily enjoining the Defendants from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]; Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]; and Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)];

    (b)    freezing the Defendants' assets;

    (c)    directing Defendants to provide verified accountings immediately;

    (d)    appointing a receiver over Defendant Prime Rate, including to the extent that it does business as American Integrity or any other name; and

    (e)    prohibiting the destruction, alteration or concealment of documents.

2.    pending adjudication of the foregoing, an Order

    (a)    temporarily restraining the Defendants from violating the aforementioned statutes and rule;

    (b)    freezing the Defendants' assets;

    (c)    directing the Defendants to provide verified accountings immediately;

    (d)    appointing a temporary receiver over Defendant Prime Rate, including to the extent that it does business as American Integrity or any other name;

    (e)    prohibiting the destruction and alteration of documents; and

    (f)    providing that the Commission may take expedited discovery in preparation for a hearing on this Order to Show Cause.

The Court has considered (1) the Complaint filed by the Commission on May 3, 2010; (2) the Declaration of Simone Celio in Support of Plaintiff's Emergency Application for Temporary Restraining Order, Preliminary Injunction, Order to Show Cause, Asset Freeze and Other Relief, executed on April 30, 2010, and the exhibits annexed thereto; (3) the Declaration of Kristine Zaleskas in Support of Plaintiff's Emergency Application for Temporary Restraining Order, Preliminary Injunction, Order to Show Cause, Asset Freeze and Other Relief, executed on May 2, 2010, and the exhibits annexed thereto; (4) the Declaration of Steven G. Rawlings Pursuant to Local Rule 7.1, executed on May 2, 2010; and (5) the memorandum of law in support of the Commission's application.  Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act, has been made for the relief granted herein, for the following reasons:

It appears from the evidence presented that the Defendants have violated and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act; Section 10(b) of the Exchange Act; Exchange Act Rule 10b-5; and Sections 5(a) and 5(c) of the Securities Act, as charged in the Complaint.

It appears from the evidence presented that the Defendants have received ill-gotten gains derived from their fraudulent conduct, to which they have no legitimate claim, and that at least some of these funds have been deposited into one or more accounts controlled by the Defendants.

It appears that the Defendants may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties.  It appears that an order freezing the Defendants' assets, as specified herein, is necessary to preserve the *status quo,* to protect this

3

Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

It appears that an order requiring the Defendants to provide a verified accounting of all assets, money, and property held directly or indirectly by each of them, or by others for Defendants' direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

It appears that the appointment of a receiver for Defendant Prime Rate, including to the extent that it does business as American Integrity or under any other name and all entities it controls or has an ownership interest in, is necessary to: (i) preserve the status quo; (ii) ascertain the extent of commingling of funds among and between the Defendants and all entities they control or have an ownership interest in; (iii) ascertain the true financial condition of Defendant Prime Rate and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of Defendant Prime Rate and all entities it controls or has an ownership interest in; (v) prevent the encumbrance or disposal of property or assets of Defendant Prime Rate and all entities it controls or has an ownership interest in; (vi) preserve the books, records and documents of the Defendant Prime Rate and all entities it controls or has an ownership interest in; (vii) respond to investor inquiries; (viii) protect investors' assets; and (ix) determine whether Defendant Prime Rate should undertake bankruptcy filings.

It appears that the Defendants may attempt to destroy, alter or conceal documents.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

4

This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at 11:00 a.m. on the 13th day of May, 2010, in the Courtroom of Chief Judge Norman A. Mordue, on the 12th floor of the Federal Building, 100 S. Clinton St., Syracuse, New York, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act, and Section 21 of the Exchange Act, preliminarily enjoining the Defendants from violating Section 17(a) of the Securities Act; Section 10(b) of the Exchange Act; Exchange Act Rule 10b-5; and Sections 5(a) and 5(c) of the Securities Act.

### II.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Defendants and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by e-mail, or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds, or other property (including money, real property or rent due from such real property, personal property, securities, commodities, choses in action, business interests or other property of any

5

kind whatsoever) of, held by, or under the control of the Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendants including but not limited to, those entities listed on Exhibit A, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to:  (1) all assets, funds, or other properties held in the name of, held by, or under the control of one or both of the Defendants, including but not limited to the accounts listed on Exhibit B; (2) all real property owned directly or indirectly by the Defendants, including but not limited to real property owned by any of the entities listed on Exhibit A, and rent derived therefrom; and (3) all artwork, motor vehicles, jewelry and other items of personal property held in the name of, held by, or under the control of one or both of the Defendants.

### III.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing that they each file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to in writing or is otherwise granted by the Court, a verified written

accounting, signed by Defendant Ryan and a responsible officer of Defendant Prime Rate, under penalty of perjury, of:

(1)     A list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and name and last four digits of the account number), tax identification numbers, telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by them or under their direct or indirect control, at any time from February 2002 to the present including but not limited to information concerning Prime Rate, American Integrity and those entities listed on Exhibit A.

(2)     All assets, liabilities and property currently held directly or indirectly by or for the benefit of Defendants, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(3)     All money, property, assets, and other income received by such Defendants, or for the direct or indirect benefit of one or both of them, in or at any time from February 2002 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(4)    All assets, funds, securities, real or personal property of clients of such Defendants transferred to or for the benefit of such Defendants in or at any time from February 2002 to the date of the accounting, and the disposition by such Defendants of such assets, funds, securities, real or personal property;

(5)    All money, property, assets and other income transferred from such Defendants, including transfers to any bank account, brokerage account or other account, or to any individual, or entity, in or at any time from February 2002 to the date of the accounting; and

(6)    The names and last known addresses of all bailees, debtors, and other persons and entities that are currently holding the assets, funds, or property of one or both of the Defendants.

**IV.**

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing, or otherwise interfering with the access of the Commission or the Receiver appointed hereunder to any and all documents, books, and records that are in the possession, custody or control of the Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to the Defendants' finances or business operations, or the offer, purchase or sale of investment

8

contracts or any other securities offered or sold by or through the Defendants and the use of proceeds therefrom.

**V.**

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order appointing or continuing the appointment of a receiver for Defendant Prime Rate and all entities it controls or has an ownership interest in including but not limited to the entities listed on Exhibit A, to (i) preserve the status quo, (ii) ascertain the extent of commingling of funds between the Defendants and all entities they control or have an ownership interest in; (iii) ascertain the true financial condition of the Defendant Prime Rate and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of Defendant Prime Rate and all entities it controls or has an ownership interest in; (v) prevent the encumbrance or disposal of property or assets of Defendant Prime Rate and the investors; (vi) preserve the books, records and documents of Defendant Prime Rate; (vii) respond to investor inquiries; (viii) protect the assets of Defendant Prime Rate, including but not limited to those listed on Exhibit A, from further dissipation; and (ix) determine whether Defendant Prime Rate should undertake bankruptcy filings.

To effectuate the foregoing, the receiver would be empowered to:

(a)     Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of Defendant Prime Rate and all entities it controls or has an ownership interest in, including but not limited to the entities listed on Exhibit A;

9

(b)     Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of Defendant Prime Rate and all entities it controls or has an ownership interest in, including but not limited to the entities listed on Exhibit A;

(c)     Pay from available funds necessary business expenses, as required to preserve or maximize the value of the assets and property of Defendant Prime Rate and all entities it controls or has an ownership interest in including, but not limited to, the entities listed on Exhibit A, notwithstanding the asset freeze imposed by paragraph II, above;

(d)     Locate assets that may have been conveyed to third parties or otherwise concealed;

(e)     Ascertain the disposition and use of funds obtained by the Defendants resulting from the sale of securities by Defendant Prime Rate and all entities it controls or has an ownership interest in, including but not limited to the entities listed on Exhibit A;

(f)     Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder;

(g)     Report to the Court and the parties within 45 days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant, the following information:

1.     All assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of Defendant Prime Rate and all

entities it controls or has an ownership interest in, including but not limited to real property, bank accounts, brokerage accounts, investments, business interests, and personal property, wherever situated, identifying and describing each asset, its current location and value;

2.    A list of secured creditors and other financial institutions with an interest in the receivership assets;

3.    A list of investors in Defendant Prime Rate (including but not limited to American Integrity investors) and all entities it controls or has an ownership interest including, but not limited to, the entities listed on Exhibit A , and, to the extent practicable, the amounts received by Defendant Prime Rate from each such investor and the amounts withdrawn by each such investor;

(h)    Develop a preliminary plan for the administration of the assets of the Receivership, including a recommendation regarding whether bankruptcy cases should be filed for all of a portion of the assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership; and

(i)    Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the receiver.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of their agents,

11

servants, employees, and attorneys, and those persons in active concert or participation with them

who receive actual notice of this Order by personal service or otherwise, are temporarily

restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by

use of any means or instruments of transportation or communication in interstate commerce or by

use of the mails:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

    (c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act.

### VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for Preliminary Injunction, the Defendants, and each of their agents,

servants, employees, and attorneys, and those persons in active concert or participation with them

who receive actual notice of this Order by personal service or otherwise, are temporarily

restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale

of any security, by use of the means or instrumentalities of interstate commerce, or of the mails,

or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

12

(b)     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

### VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, as to any security for which no registration statement is in effect:

(a)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b)     carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

in violation of Section 5(a) of the Securities Act.

### IX.

13

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, in violation of Section 5(c) of the Securities Act.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by e-mail, or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds, or other property (including money, real property or rent due from such real property, personal property, securities,

14

commodities, choses in action, business interests or other property of any kind whatsoever) of, held by, or under the control of the Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendants including but not limited to, those entities listed on Exhibit A, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to: (1) all assets, funds, or other properties held in the name of, held by, or under the control of one or both of the Defendants, including but not limited to the accounts listed on Exhibit B; (2) all real property owned directly or indirectly by the Defendants, including but not limited to real property owned by any of the entities listed on Exhibit A, and rent derived therefrom; and (3) all artwork, motor vehicles, jewelry and other items of personal property held in the name of, held by, or under the control of one or both of the Defendants.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, each Defendant will file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to in writing or is otherwise granted by the Court, a verified

written accounting, signed by Defendant Ryan and a responsible officer of Defendant Prime Rate, under penalty of perjury, of:

(1)    A list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and name and last four digits of the account number), tax identification numbers, telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by them or under their direct or indirect control, at any time from February 2002 to the present including but not limited to information concerning Prime Rate, American Integrity and those entities listed on Exhibit A.

(2)    All assets, liabilities and property currently held directly or indirectly by or for the benefit of Defendants, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(3)    All money, property, assets, and other income received by such Defendants, or for the direct or indirect benefit of one or both of them, in or at any time from February 2002 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

16

(4)    All assets, funds, securities, real or personal property of clients of such Defendants transferred to or for the benefit of such Defendants in or at any time from February 2002 to the date of the accounting, and the disposition by such Defendants of such assets, funds, securities, real or personal property;

(5)    All money, property, assets and other income transferred from such Defendants, including transfers to any bank account, brokerage account or other account, or to any individual, or entity, in or at any time from February 2002 to the date of the accounting; and

(6)    The names and last known addresses of all bailees, debtors, and other persons and entities that are currently holding the assets, funds, or property of one or both of the Defendants.

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and any person or entity acting at their direction or on their behalf, are temporarily restrained from destroying, altering, concealing, or otherwise interfering with the access of the Commission or the Receiver appointed hereunder to any and all documents, books, and records that are in the possession, custody or control of the Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to the Defendants' finances or business operations, or the offer,

17

purchase or sale of investment contracts or any other securities offered or sold by or through the Defendants and the use of proceeds therefrom.

**XIII.**

**IT IS FURTHER ORDERED** that pending further Order of this Court, Paul A. Levine, Esq., Lemery Greisler LLC, 50 Beaver St, Albany, New York 12207-1511, be and hereby is appointed to act as receiver for Defendant Prime Rate and all entities it controls or has an ownership interest in including but not limited to the entities listed on Exhibit A, to (i) preserve the status quo, (ii) ascertain the extent of commingling of funds between the Defendants and all entities they control or have an ownership interest in; (iii) ascertain the true financial condition of the Defendant Prime Rate and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of Defendant Prime Rate and all entities it controls or has an ownership interest in; (v) prevent the encumbrance or disposal of property or assets of Defendant Prime Rate and the investors; (vi) preserve the books, records and documents of Defendant Prime Rate; (vii) respond to investor inquiries; (viii) protect the assets of Defendant Prime Rate, including but not limited to those listed on Exhibit A, from further dissipation; and (ix) determine whether Defendant Prime Rate should undertake bankruptcy filings.

To effectuate the foregoing, the receiver is hereby empowered to:

(a)     Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of Defendant Prime Rate and all entities it controls or has an ownership interest in, including but not limited to the entities listed on Exhibit A;

(b)     Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of Defendant Prime Rate and all entities it controls or has an ownership interest in, including but not limited to the entities listed on Exhibit A;

(c)     Pay from available funds necessary business expenses, as required to preserve or maximize the value of the assets and property of Defendant Prime Rate and all entities it controls or has an ownership interest in including, but not limited to, the entities listed on Exhibit A, notwithstanding the asset freeze imposed by paragraph X, above;

(d)     Take preliminary steps to locate assets that may have been conveyed to third parties or otherwise concealed;

(e)     Take preliminary steps to ascertain the disposition and use of funds obtained by the Defendants resulting from the sale of securities by Defendant Prime Rate and all entities it controls or has an ownership interest in, including but not limited to the entities listed on Exhibit A;

(f)     Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder;

(g)     Report to the Court and the parties within 45 days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant, the following information:

19

1.      All assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of Defendant Prime Rate and all entities it controls or has an ownership interest in, including but not limited to real property, bank accounts, brokerage accounts, investments, business interests, and personal property, wherever situated, identifying and describing each asset, its current location and value;

2.      A list of secured creditors and other financial institutions with an interest in the receivership assets;

3.      A list of investors in Defendant Prime Rate (including but not limited to American Integrity investors) and all entities it controls or has an ownership interest including, but not limited to, the entities listed on Exhibit A, and, to the extent practicable, the amounts received by Defendant Prime Rate from each such investor and the amounts withdrawn by each such investor;

(h)      Develop a preliminary plan for the administration of the assets of the Receivership, including a recommendation regarding whether bankruptcy cases should be filed for all of a portion of the assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership; and

(i)      Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the receiver.

**XIV.**

20

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action without further order of this Court to interfere with the control, possession, or management of the assets subject to the receivership, including but not limited to the filing of any lawsuits, liens, encumbrances or bankruptcy cases.

## XV.

**IT IS FURTHER ORDERED** that the Defendants shall pay the reasonable costs, fees and expenses of the receiver incurred in connection with the performance of his or her duties described herein, including, but not limited to, the reasonable costs, fees and expenses of all persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations.  All applications for costs, fees and expenses of the receiver and those employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees and expenses and shall conform to the Fee Guidelines that have been supplied to the receiver by the Commission.

## XVI.

**IT IS FURTHER ORDERED** that discovery is expedited as follows:  pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of  Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), the Commission may:

    (1)    Take depositions, subject to two (2) calendar days' notice by facsimile, email, or otherwise;

(2)     Obtain the production of documents, within three (3) calendar days from service

by facsimile, email or otherwise of a request or subpoena, from any persons or

entities, including non-party witnesses;

(3)     Obtain other discovery, including interrogatories, requests for admissions, and

requests to inspect the premises and files of Defendant, within three (3) calendar

days from the date of service by facsimile, email or otherwise of such other

discovery requests, interrogatories, requests for admissions or requests for

inspection; and

(4)     Service of any discovery requests, notices, or subpoenas may be made by personal

service, facsimile, overnight courier, email, or first-class mail on an individual,

entity, or the individual's or entity's attorney.

This order expediting discovery will remain in place beyond any hearing on the Commission's

application for preliminary injunction.  All discovery matters will be handled by United States

Magistrate Judge Randolph F. Treece.

### XVII.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the

Commission's Application be served upon the Defendants, or their attorney who agrees to accept

service on his or its behalf, on or before May 5, 2010, by personal delivery, facsimile, email,

overnight courier, or first-class mail.

## XVIII.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than May 10, 2010, at 5:00 p.m.  Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Room 400, New York, New York 10281, Attn: Preethi Krishnamurthy, or to such other place as counsel for the Commission may direct in writing.  The Commission shall have until May 12, 2010 at 2:00 p.m. to serve, by the most expeditious means available (which may include any form of service authorized in paragraph XVII above for service of a copy of this Order), any reply papers upon the Defendants, or upon their respective counsel.

## XIX.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the Defendants, and each of their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

IT IS SO ORDERED.

Dated:  May 3, 2010
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

**EXHIBIT A**

**Properties owned or controlled by Defendants**

|  |  |  |  |  |
|---|---|---|---|---|
| 1 | 0 Thompson St | Troy | NY | 12180 |
| 2 | 6 Winter St | Troy | NY | 12180 |
| 3 | 12 Second St | Troy | NY | 12180 |
| 4 | 13 Cypress St | Troy | NY | 12180 |
| 5 | 13 1st Street | Troy | NY | 12180 |
| 6 | 92 King St | Troy | NY | 12180 |
| 7 | 117 Adams St | Troy | NY | 12180 |
| 8 | 332-342 Congress | Troy | NY | 12180 |
| 8a | 336 Congress St | Troy | NY | 12180 |
| 8b | 338 Congress St | Troy | NY | 12180 |
| 8c | 340 Congress St | Troy | NY | 12180 |
| 8d | 342 Congress St | Troy | NY | 12180 |
| 9 | 362 Congress St | Troy | NY | 12180 |
| 10 | 370 Congress St | Troy | NY | 12180 |
| 11 | 506 Grand St | Troy | NY | 12180 |
| 12 | 669 River St | Troy | NY | 12180 |
| 13 | 2935 6th Ave | Troy | NY | 12180 |
| 14 | 10 Vliet St | Cohoes | NY | 12047 |
| 15 | 68 Vliet St | Cohoes | NY | 12047 |
| 16 | 182 Delaware Ave | Albany | NY | 12209 |
| 17 | 190 Delaware Ave | Albany | NY | 12209 |
| 18 | 192 Delaware Ave | Albany | NY | 12209 |
| 19 | 194-196 Delaware Ave | Albany | NY | 12209 |
| 20 | 198-200 Delaware Ave | Albany | NY | 12209 |
| 21 | 20 Mansion St | Coxsackie | NY | 12051 |
| 22 | 569 104th Ave N., Naples | Collier | FL | 34108 |
| 23 | 2 Willow St | Cohoes | NY | 12047 |
| 24 | 125 Wolf Rd | Albany | NY | 12205 |
| 25 | 111 Congress St | Troy | NY | 12180 |

**Other Assets owned or controlled by Defendants**

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Certain artwork, including without limitation: |  |  |
| 1 | Art | ROBAZZA "SAMSON" BRONZE BAS RELIEF |  |  |
| 2 | Art | ERTE "EMERALD VELLUM |  |  |
| 3 | Art | ERRTE "WINGS OF VICTORY" SILKSCREEN |  |  |
| 4 | Art | MONTESINOS"LAS DAMES DE OTOMAN" MIXED MEDIUM |  |  |
| 5 | Art | QUINN "ENTWINED" LITHOGRAPH |  |  |
| 6 | Art | QUINN "CONVERSATION" LITHOGRAPH |  |  |
| 7 | Art | QUINN "DREAMS" LITHOGRAPH |  |  |
| 8 | Art | RENIOR "WOMAN WITH TAMBOURIN III" |  |  |
| 9 | Art | DEWALD "DISC THROWER" |  |  |
| 10 | Art | MONQUIE 4 PAINTINGS |  |  |
| 11 | Art | GUCIONE "ROMAN WOMAN" |  |  |
| 12 | Art | REMBRANDT'S 3 ECTHINGS |  |  |
| 13 | Art | SEAN FARRELL 13 PAINTING |  |  |
|  |  | Certain automobiles, including without limitation: |  |  |
| 14 | Car | 2008 G 500 MERCEDES BENZ |  |  |
| 15 | Car | 1998 S 600 MERCEDES BENZ |  |  |
| 16 | Car | 1998 S 500 MERCEDES BENZ |  |  |
| 17 | Car | 1997 S 500 MERCEDES BENZ |  |  |
| 18 | Car | 1998 GMC 1500 PICKUP |  |  |
| 19 | Car | 1998 DODGE RAM DUMP TRUCK |  |  |
| 20 | Car | 1995 MITSUBISHI MOVING TRUCK |  |  |
|  |  | Other |  |  |
| 21 | Videos | SEVEN WORKOUT VIDEOS |  |  |
| 22 |  | Business Entities |  |  |
| 23 |  | CORPORATE BENEFITS SOLUTIONS, INC. |  |  |
| 24 |  | DIRTY OLD MAN |  |  |
| 25 |  | LOW COST MOVING AND STORAGE |  |  |
| 26 |  | MATTHEW J. RYAN & ASSOCIATES |  |  |
| 27 |  | RIVERVIEW PROPERTIES INC. |  |  |

# EXHIBIT B

**Bank accounts owned or controlled by Defendants**

| Institution Name | P.O. Address | Account Title | Account Number |
|---|---|---|---|
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return DBA American Integrity | XXXXXX5600 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return DBA Low Cost Moving & Storage | XXXXXX5619 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 362-364 Congress St | XXXXXX5505 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 190 Delaware Ave | XXXXXX5820 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 117 Adams St | XXXXXX5513 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 6 Winter St | XXXXXX5521 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 111 Congress St | XXXXXX5599 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 182 Delaware Ave | XXXXXX5812 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 2965 6th Ave | XXXXXX5556 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 68 Vliet St | XXXXXX5564 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 192 Delaware Ave | XXXXXX5839 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 45 Main St | XXXXXX5572 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 157 Ontario St | XXXXXX5580 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return Matthew J Ryan | XXXXXX0648 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 194-196 Delaware Ave | XXXXXX5847 |
| Bank of America, N.A. | P.O. Box 25118 Tampa, FL 33622-5118 | Prime Rate & Return 13 1st St | XXXXXX5863 |
| MBNA Bank of America | P.O. Box 25118 Tampa, FL 33622-5118 | Unknown | XXXXXX0286 |
| Manufacturers and Traders Trust Company | 327 Great Oaks Blvd Albany, NY 12203-5971 | Prime Rate & Return LLC DBA Matthew J Ryan and Assoc. | XXXXXX5541 |
| Capital Communications Federal Credit Union | 18 Computer Drive East Albany, NY 12205 | Unknown | XXXXX1924 |
| FIA Card Services N.A. | 1825 E. Buckeye Road Phoenix, AZ 85034 | Unknown | unknown |
| Unknown | Unknown | Unknown | XXXXXX0635 |
| Unknown | Unknown | Unknown | XXXXXX9304 |
| Unknown | Unknown | Unknown | XXXXXX6629 |
| Unknown | Unknown | Unknown | XXXXXX5748 |
| Unknown | Unknown | Unknown | XXXXXX0299 |
| Unknown | Unknown | Unknown | XXXXXX1586 |
| Unknown | Unknown | Unknown | XXXXXX5871 |
| Unknown | Unknown | Unknown | XXXXXX6048 |
| Charter One Financial Inc. | 1215 Superior Avenue Cleveland, OH 44114 | Unknown | XXXXX6130 |