**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

```
U.S. DISTRICT COURT - N.D. OF N.Y.
          FILED
        JUN -7 2010
AT____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse
```

SECURITIES AND EXCHANGE COMMISSION,    :
                                        :
                             **Plaintiff,**         :
                                        :
                -against-           :
                                        :
MATTHEW JOHN RYAN and                   :
PRIME RATE AND RETURN, LLC,             :
individually and doing business as      :
AMERICAN INTEGRITY FINANCIAL CO.,       :
                                        :
                       **Defendants.**     :
                                        :

1:10-CV-0513 (NAM/RFT)

## STIPULATION AND CONSENT ORDER IMPOSING
## PRELIMINARY INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS

       **WHEREAS** on May 3, 2010, the Securities and Exchange Commission ("Commission")

commenced this action by filing a Complaint, Order to Show Cause, and other papers, and, on

that same day, the Court issued an Order To Show Cause, Temporary Restraining Order, and

Order Freezing Assets and Granting Other Relief (the "May 3 Order") with respect to

Defendants Matthew John Ryan ("Ryan") and Prime Rate and Return LLC, individually and

doing business as American Integrity Financial Co. ("Prime Rate") (collectively, the

"Defendants");

       **WHEREAS,** on May 7, 2010, the Court entered a Consent Order modifying the May 3

Order;

       **WHEREAS** Defendants Ryan and Prime Rate have each (1) entered a general

appearance; (2) consented to the Court's jurisdiction over them and the subject matter of this

action; (3) consented to entry of this preliminary injunction order (the "Order") without

admitting or denying the allegations of the Complaint; (4) waived findings of fact and conclusions of law pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Federal Rules"); (5) agreed that they will not oppose the enforcement of this Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules and waive any objections based thereon; (6) waived any right to appeal from this Order; and (7) reserved their rights to apply to this Court at any time for a modification of this Order;

      **WHEREAS** Defendants Ryan and Prime Rate each acknowledge (1) that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability; and (2) that the Court's entry of a preliminary injunction order may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding; and

      **WHEREAS** the Court has considered: (1) the Complaint filed by the Commission on May 3, 2010; (2) the Declaration of Simone Celio Jr. and exhibits thereto, executed on April 30, 2010; (3) the Declaration of Steven G. Rawlings, executed on May 3, 2010; (4) the Declaration of Kristine M. Zaleskas, executed on May 2, 2010; and (5) the Memorandum of Law in support of the Commission's emergency application, dated May 3, 2010.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Commission, by its undersigned counsel, and defendants Ryan, *pro se*, and Prime Rate, by its Court-appointed Receiver, that, based on the foregoing, a proper showing, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act")  has been made for the relief granted herein:

### I.

**IT IS HEREBY ORDERED** that the Commission's application for a preliminary injunction is GRANTED.

### II.

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Ryan and Prime Rate, and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, are preliminarily restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for
delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in
interstate commerce or of the mails to offer to sell or offer to buy through the use
or medium of any prospectus or otherwise any security, unless a registration
statement has been filed with the Commission as to such security, or while the
registration statement is the subject of a refusal order or stop order or (prior to the
effective date of the registration statement) any public proceeding or examination
under Section 8 of the Securities Act [15 U.S.C. § 77h].

## III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Ryan and
Prime Rate, and each of their agents, servants, employees, attorneys, and those persons in active
concert or participation with them who receive actual notice of this Order by personal service, e-
mail, facsimile or otherwise, are preliminarily restrained and enjoined from violating Section
17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale
of any security by the use of any means or instruments of transportation or communication in
interstate commerce or by use of the mails, by directly or indirectly:

(a)     employing any device, scheme or artifice to defraud;

(b)     obtaining money or property by means of an untrue statement of material fact or
any omission of a material fact necessary in order to make the statements made, in
light of the circumstances under which they were made, not misleading; or

(c)     engaging in any transaction, practice or course of business which operates or
would operate as a fraud or deceit upon the purchaser.

4

**IV.**

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Ryan and

Prime Rate, and each of their agents, servants, employees, attorneys, and those persons in active

concert or participation with them who receive actual notice of this Order by personal service, e-

mail, facsimile or otherwise, are preliminarily restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any

national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact
        necessary in order to make the statements made, in the light of the circumstances
        under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would
        operate as a fraud or deceit upon any person.

**V.**

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Paul A.

Levine, Esq., who was appointed temporary Receiver by the May 3 Order, shall serve as

Receiver over Prime Rate, and all entities it controls or has an ownership interest in including but

not limited to the entities listed in Exhibit A to the May 3 Order, to (i) preserve the *status quo*;

(ii) ascertain the extent of commingling of funds between the Defendants; (iii) ascertain the true

financial condition of Prime Rate and the disposition of investor funds; (iv) prevent further

dissipation of the property and assets of Prime Rate and all entities it controls or has an

ownership interest in; (v) prevent the encumbrance or disposal of property or assets of Prime Rate and its investors; (vi) preserve the books, records and documents of Prime Rate; (vii) be available to respond to investor inquiries; and (viii) determine whether Prime Rate should undertake bankruptcy filings.

To effectuate the foregoing, the Receiver is empowered to:

(a)   Take and retain immediate possession and control of all of the assets, including but not limited to all books, records and documents, of Prime Rate, and assume all the rights and powers of these assets with respect thereto including the powers set forth in the applicable management agreements, by-laws, LLC agreements or any other controlling agreements;

(b)   Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of Prime Rate;

(c)   Pay from available funds necessary business expenses required to preserve the assets and property of Prime Rate, including the books, records, and documents of Prime Rate and all entities they control or have an ownership interest in, notwithstanding the asset freeze imposed by paragraph VI, below;

(d)   Succeed to all rights to manage all properties owned or controlled, directly or indirectly, by Prime Rate, pursuant to applicable management agreements, by-laws, LLC agreements, or other controlling agreements relating to each entity;

(e)   Take steps to locate assets that may have been conveyed to third parties or otherwise concealed;

6

(f)     Take steps to ascertain the disposition and use of funds obtained by the
        Defendants resulting from the sale of securities issued by Prime Rate;

(g)     Engage and employ persons, including accountants, attorneys and experts,
        including but not limited to a property manager, to assist in the carrying out of the
        Receiver's duties and responsibilities hereunder;

(h)     Establish a cash management system by closing, transferring, consolidating and
        opening bank accounts and securities accounts, so long as records are kept of the
        sources and uses of all funds;

(i)     Invest all cash of Prime Rate in U.S. government securities or U.S. government
        guaranteed securities having remaining maturities of up to two years and in
        money market accounts maintained by First Niagara Bank, N.A. or any financial
        institution having a net worth of no less than $50 billion;

(j)     Discharge his duties as Receiver by making and authorizing in the ordinary course
        payments and disbursements from the funds and assets under his control,
        incurring expenses, and entering into agreements, including loan agreements and
        credit facilities, all as reasonably necessary or advisable under the circumstances;

(k)     Investigate, prosecute, defend, intervene in, and otherwise participate in,
        compromise and adjust actions in any state, federal, administrative, or foreign
        tribunal of any kind, or any potential actions or claims, as the Receiver believes in
        his sole discretion advisable or proper to collect, conserve, or otherwise recover
        the assets of Prime Rate, or entities it owns or controls;

(l)     Notwithstanding the terms of this Order, encumber assets of Prime Rate, or the
        entities it owns or controls, to the extent such actions are deemed necessary by the

7

Receiver based on his own experience and input from his advisors to be most beneficial to preserving enterprise value for Prime Rate and those entitled to proceeds; provided that encumbrances in excess of $100,000 shall first require at least four (4) business days' written notice (unless shortened by court order) to the Commission and Ryan (such notice to be given to Ryan via facsimile, e-mail, and/or hand delivery), and such other investors in Prime Rate having filed notices of appearance in the above-captioned case; provided further that the Receiver may apply for an order under seal or a hearing *in camera*, as circumstances require;

(m)     Use, lease, sell, and convert into money all assets of Prime Rate, either in public or private sales or other transactions or terms the Receiver reasonably believes based on his own experience and input from his advisors to be most beneficial to the Prime Rate and those entitled to the proceeds; provided, however, all leases and sales of property appraised for or having a cost basis of $100,000 or more shall only be consummated with prior court approval on at least four (4) business days' written notice (unless shortened by court order) to the Commission and Ryan (such notice to be given to Ryan via facsimile, e-mail, and/or hand delivery), and creditors or investors of Prime Rate who have filed notices of appearance in the above-captioned case; provided further that the Receiver may apply for an order under seal or *in camera*, as circumstances require;

(n)     Take all necessary steps to gain control of the Defendants' interests in assets in foreign jurisdictions, including but not limited to taking steps necessary to repatriate foreign assets;

8

(o)    If appropriate, structure a distribution plan and/or assist the Commission staff in doing so;

(p)    Represent Defendant Prime Rate in this action and be authorized on behalf of Prime Rate to resolve the instant Commission litigation against it; and

(q)    Take such further action as the Court shall deem equitable, just, and appropriate under the circumstances upon proper application of the Receiver.

## VI.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants Ryan and Prime Rate, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its, his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including but not limited to, all assets, funds, or other properties held in the accounts listed on Exhibit B to the May 3 Order, as well as

all real property owned directly or indirectly by Defendants, subject to the following limited

exceptions and conditions:

(a)     Ryan may utilize up to $3,195 per month of moneys he earns for each such

        month, beginning in May 2010, only for his and his minor child's reasonable and

        necessary living expenses, including $1,325 in court-ordered child support

        payments.  Within five calendar days of the end of each month, Ryan shall

        provide a sworn accounting, for the moneys earned by him and released to him

        pursuant to this paragraph, to the Commission's undersigned counsel and to the

        Receiver.  In addition to these living expenses, Ryan may, upon finding a rental

        apartment for himself and upon written consent from the Commission, use up to

        an additional $600 per month of moneys he earns each month for payment of rent

        and utilities;

(b)     Ryan may use and drive (but shall not sell, dispose of, or encumber) the 1996 S

        500 Mercedes Benz and the 1995 Dodge Ram dump truck currently in his

        personal possession;

(c)     Ryan shall, within two business days of the entry of this Order, turn over the 2006

        G 500 Mercedes Benz currently held in Ryan's name ("2006 Mercedes") to the

        Receiver at a location within Albany or Schenectady County designated by the

        Receiver; transfer the title of the vehicle to the Receiver; and effectuate any

        documents necessary to transfer the title and/or insurance of the vehicle to the

        Receiver.  The Receiver shall have the same powers and obligations with respect

        to the 2006 Mercedes as he does over all other assets belonging to Prime Rate,

including the enumerated powers and obligations set forth in Section V above; and

(d)     The Receiver may, in his discretion, turn over to Ryan personal items of nominal economic value located at any of the properties listed in Exhibit A to the May 3 Order, and any such personal items turned over to Ryan shall no longer be subject to this Order.

## VII.

**IT IS FURTHER ORDERED** that the Receiver and all persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder shall not be liable for any action or omission of the Receiver or such person, respectively, or any of their partners, employees, or agents, unless it shall be proven that the Receiver or such other person acted or omitted to act in bad faith.  This provision shall apply to claims based on conduct during the term of any agreement entered into between the Receiver and any other person who may be engaged or employed by the Receiver hereunder, even if such claims are filed after the termination of any such agreement.

## VIII.

**IT IS FURTHER ORDERED** that if in accordance with this order the Receiver determines that Prime Rate should undertake a bankruptcy filing, the Receiver be, and hereby is, authorized to commence cases under title 11 of the United States Code for such entities in this district, and in such cases the Receiver shall prosecute the bankruptcy petitions in accordance with title 11 subject to the same parameters and objectives as a chapter 11 trustee and shall remain in possession, custody, and control of the title 11 estates subject to the rights of any party in interest to challenge such possession, custody, and control under 11 U.S.C. § 543 or to request

11

a determination by this Court as to whether the Receiver should be deemed a debtor in possession or trustee, at a hearing, on due notice to all parties in interest, before the undersigned. Before taking action under this paragraph, however, at least two (2) business days' written notice (unless shortened by court order) stating that the Receiver is contemplating action under title 11 must be provided to the Commission and Ryan (such notice to be given to Ryan via facsimile, e-mail, and/or hand delivery), and such other investors in Prime Rate who request such notice; provided further that the Receiver may apply for an order under seal or a hearing *in camera* as circumstances require.

## IX.

**IT IS FURTHER ORDERED** that to facilitate efficient coordination in one district of all bankruptcies and the entities they own or control, the Northern District of New York shall be the Receiver's principal place of business for making decisions in respect of operating and disposing of Prime Rate and any entities it owns or controls, and their respective assets.

## X.

**IT IS FURTHER ORDERED** that in lieu of providing retainers to the Receiver and his advisors, all payments made pursuant to the foregoing procedures prior to the initiation of any voluntary or involuntary petition for relief under the United States Bankruptcy Code, or foreign insolvency proceeding, shall be deemed payments made according to ordinary business terms and incurred in the ordinary course of business or financial affairs of the transferees and Prime Rate and not subject to avoidance as a preferential payment.

## XI.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or

claimant, shall take any action without further order of the Court to interfere with the taking

control, possession or management of the assets, including but not limited to the filing of any

lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to

this order.

## XII.

**IT IS FURTHER ORDERED** that the Defendants are jointly and severally liable for the

the reasonable costs, fees and expenses of the Receiver incurred in connection with the

performance of his duties as described herein, including but not limited to, the reasonable costs,

fees and expenses of all person who may be engaged or employed by the Receiver to assist him

in carrying out his duties and obligations. All applications for costs, fees and expenses of the

Receiver and those employed by him shall be made by application to the Court setting forth in

reasonable detail the nature of such costs, fees and expenses and shall be in accordance with the

fee guidelines supplied to the Receiver by the Commission and shall include the most recent

quarterly accounting report in accordance with the Commission's Standardized Fund Accounting

Report.

## XIII.

**IT IS FURTHER ORDERED** that, pending final disposition of this action or such

further order of the Court, the SEC and the Receiver may conduct expedited discovery, pursuant

to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure and without the

requirement of a meeting pursuant to Fed. R. Civ. P. 26(f).

## XIV.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, the

Defendants  and any person or entity acting at their direction or on their behalf, or any other

person, including but not limited to any investor, who receives actual notice of this Order by personal service, e-mail, facsimile or otherwise, are (1) restrained and enjoined from destroying, altering, concealing or otherwise interfering with the access of Commission and the Receiver to any and all documents, books and records, that are in the possession, custody or control of the Defendants and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendants' finances or business operations; and (2) ordered to provide all reasonable cooperation to the Receiver in carrying out his duties set forth herein.

## XV.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile, or otherwise.

STIPULATED AND AGREED TO:

Date: 6/4/10                          By: _____

                                     PREETHI KRISHNAMURTHY
                                     Attorney Bar Number: 516214
                                     KRISTINE ZALESKAS
                                     Attorney Bar Number: 516215
                                     Securities and Exchange Commission
                                     New York Regional Office
                                     3 World Financial Center, Room 400
                                     New York, New York 10281-1022
                                     Tel.: (212) 336-0116 (Krishnamurthy)
                                     Fax: (212) 336-1319 (Krishnamurthy)
                                     KrishnamurthyP@sec.gov

                                     *Attorneys for Plaintiff*


Date: _____                By: _____

                                     MATTHEW J. RYAN
                                     *Pro se*


Date: _____                By: _____

                                     PAUL LEVINE, ESQ.
                                     Attorney Bar Number:  103758
                                     Lemery Greisler LLC
                                     50 Beaver Street, 2nd Floor
                                     Albany, New York 12207
                                     Tel: 518-433-8800
                                     Fax: 518-433-8823
                                     PLevine@lemerygreisler.com

                                     *Court-appointed Receiver over
                                     Defendant Prime Rate and Return, LLC,
                                     individually and d/b/a American Integrity
                                     Financial Co.*

STIPULATED AND AGREED TO:

Date: _____          By: _____
                                    PREETHI KRISHNAMURTHY
                                    Attorney Bar Number: 516214
                                    KRISTINE ZALESKAS
                                    Attorney Bar Number: 516215
                                    Securities and Exchange Commission
                                    New York Regional Office
                                    3 World Financial Center, Room 400
                                    New York, New York 10281-1022
                                    Tel.: (212) 336-0116 (Krishnamurthy)
                                    Fax: (212) 336-1319 (Krishnamurthy)
                                    KrishnamurthyP@sec.gov

                                    *Attorneys for Plaintiff*

Date: 6/4/10                   By: _____
                                    MATTHEW J. RYAN
                                    *Pro se*

Date: 6/4/10                   By: _____
                                    PAUL LEVINE, ESQ.
                                    Attorney Bar Number: 103758
                                    Lemery Greisler LLC
                                    50 Beaver Street, 2nd Floor
                                    Albany, New York 12207
                                    Tel: 518-433-8800
                                    Fax: 518-433-8823
                                    PLevine@lemerygreisler.com

                                    *Court-appointed Receiver over*
                                    *Defendant Prime Rate and Return, LLC,*
                                    *individually and d/b/a American Integrity*
                                    *Financial Co.*

IT IS SO ORDERED.

_____
Norman A. Mordue                                    15
Chief Judge

Dated: June 7, 2010