UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**SECURITIES AND EXCHANGE COMMISSION,**

        Plaintiff,

    -v-           1:10-CV-513 (NAM/RFT)

**MATTHEW JOHN RYAN and PRIME RATE AND RETURN, LLC, individually and doing business as AMERICAN INTEGRITY FINANCIAL CO.,**

        Defendants,

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**UNITED STATES OF AMERICA and COLLEEN RYAN,**

        Intervenors.

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**CAPITAL COMMUNICATIONS FEDERAL CREDIT UNION,**

        Proposed Intervenor.

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

U.S. Securities & Exchange Commission
Kristine M. Zaleskas, Esq., of counsel
Preethi Krishnamurthy, Esq., of counsel
Steven G. Rawlings, Esq., of counsel
3 World Financial Center
New York, New York 10281
Attorneys for Plaintiff

Matthew John Ryan
Defendant, Pro Se

Paul A. Levine, Esq.
Lemery Greisler LLC
50 Beaver Street
Albany, New York 12207
Receiver for Defendant Prime Rate and Return, LLC

Office of United States Attorney
Thomas A. Capezza, Assistant United States Attorney
218 James T. Foley United States Courthouse
445 Broadway
Albany, New York 12207
Attorney for Intervenor United States of America

Pattison, Sampson, Ginsberg & Griffin, PC
Jonathan G. Schopf, Esq., of counsel
22 First Street, P.O. Box 208
Troy, New York 12181
Attorney for Intervenor Colleen Ryan

Carter, Conboy, Case, Blackmore, Maloney & Laird, PC
Edward M. Connell, Esq., of counsel
20 Corporate Woods Boulevard
Albany, New York  12211
Attorney for Proposed Intervenor Capital Communications
Federal Credit Union

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

On February 13, 2008, for the purpose of securing the payment to Capital Communications Federal Credit Union ("CCFCU") of $95,000, defendant Matthew J. Ryan ("Ryan"), executed, acknowledged and delivered to CCFCU a promissory note, real property mortgage and assignment of rents in real property owned by Ryan at 190 Delaware Avenue, Albany, New York 12205.  Ryan has defaulted on his obligations under the promissory note and mortgage.

CCFCU moves (Dkt. No. 90) for an order granting leave to intervene in this action for the limited purpose of seeking modification of the June 7, 2010 Stipulation and Consent Order (Dkt. No. 11), to permit CCFCU to enforce the assignment of rents contained in the mortgage and commence a mortgage foreclosure action in New York State Supreme Court.  CCFCU is presently prohibited from taking any action to enforce its rights in the subject property by the

terms of the June 7, 2010 Stipulation and Consent Order, which, *inter alia*, imposed a preliminary injunction and froze all assets of Ryan and Prime Rate and Return, LLC. The Court had previously issued a temporary restraining order (Dkt. No. 6) in which it appointed Paul A. Levine, Esq., as receiver of all assets of Prime Rate and Return, LLC.

CCFCU seeks the instant relief on the ground that any right of the receivership estate to the mortgaged property is subordinate to CCFCU's mortgage lien and there is no equity in the mortgaged premises. CCFCU states that, to the extent any equity remains from the sale of the mortgaged premises following a state court foreclosure proceeding, the receiver may participate in surplus funds proceedings on behalf of the receivership estate.

The receiver responds (Dkt. No. 91), stating that he does not oppose the motion, because it furthers his efforts to wind up the disposition of assets in this case. He explains that he has determined that there is no equity in the mortgaged premises, and further that, since the mortgaged premises are held in Ryan's name, the criminal forfeiture order in the criminal case against Ryan (*United States v. Ryan*, 1:10-CV-319, Dkt. Nos. 26, 28, 31) is an "irreconcilable cloud" on the title. He requests that the motion be granted.

Plaintiff Securities Exchange Commission responds. It does not object (Dkt. No. 95).

Ryan opposes the motion (Dkt. No. 97). He believes there are obstacles to CCFCU's proceeding with the mortgage foreclosure. He also states that if a foreclosure proceeding is brought in state court, he will remove it to federal court. These issues do not warrant denial of CCFCU's motion.

It is therefore

ORDERED that the motion (Dkt. No. 90) by Capital Communications Federal Credit Union to intervene is granted; and it is further

ORDERED that the June 7, 2010 order (Dkt. No. 11) is modified to the limited extent of allowing the intervenor to enforce the assignment of rents contained in the mortgage on real property owned by Matthew J. Ryan at 190 Delaware Avenue, Albany, New York 12205, and to commence an action for the foreclosure of the mortgage against said real property in the New York State Supreme Court; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   October 5, 2012
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge