UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**SECURITIES AND EXCHANGE COMMISSION,**

                         **Plaintiff,**

          –v-                                                1:10-CV-513 (NAM/RFT)

**MATTHEW JOHN RYAN and PRIME RATE AND RETURN, LLC, individually and doing business as AMERICAN INTEGRITY FINANCIAL CO.,**

                         **Defendants**.

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**E. COLLEEN RYAN**
**and**
**CAPITAL COMMUNICATIONS FEDERAL CREDIT UNION,**

                         **Intervenors.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

U.S. Securities & Exchange Commission
Kristine M. Zaleskas, Esq., of counsel
Preethi Krishnamurthy, Esq., of counsel
Steven G. Rawlings, Esq., of counsel
3 World Financial Center
New York, New York 10281
Attorneys for Plaintiff

Matthew John Ryan
FCI
PO Box 1000
Otisville, New York 10963
Defendant, *Pro Se*

Paul A. Levine, Esq.
Lemery Greisler LLC
50 Beaver Street
Albany, New York 12207
Receiver for Defendant Prime Rate and Return, LLC

The Vincelette Law Firm
Jonathan G. Schopf, Esq., of counsel
421 New Karner Road, Suite 2
Albany, New York 12205
Attorney for Intervenor E. Colleen Ryan

Carter, Conboy, Case, Blackmore, Maloney & Laird, PC
Edward M. Connell, Esq., of counsel
20 Corporate Woods Boulevard
Albany, New York 12211
Attorney for Intervenor Capital Communications Federal Credit Union

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

On May 3, 2010, the Securities and Exchange Commission ("SEC") brought this enforcement action to stop what it characterized as "a classic Ponzi scheme" orchestrated by defendants, who "preyed on senior citizens seeking fixed income investments" (Dkt. No. 1). On the same date, this Court appointed Paul A. Levine, Esq. as Receiver of the assets of defendant Prime Rate and Return, LLC ("Prime"), of which defendant Matthew John Ryan was founder, owner, and sole managing member (Dkt. No. 6). The primary assets of the receivership estate were numerous parcels of mixed use and multi-family real estate.

The Receiver moves (Dkt. No. 99) to abandon the remaining assets of the estate as having little or no value for unsecured creditors; to pay compensation and reimbursement of expenses; to approve a final accounting; and to turn over remaining funds to the SEC for distribution to creditors upon further order of the Court. The certificate of service (Dkt. No. 100) shows service on all relevant parties, including in particular defendant Ryan. The SEC consents (Dkt. No. 103) to the motion. The law firm of Bosman & Associates, PLLC submits a request (Dkt. No. 107) for an order directing the Receiver to pay it $25,000 from the proceeds of the $50,000 lien on the 17 First Street, Troy, New York property. No party has objected to the law firm's request, and the

Receiver does not dispute the law firm's entitlement to this sum, if and when the lien is paid (Dkt. No. 17). The Court has received no other response to the Receiver's motion.

The Receiver submits an exhaustive and detailed accounting. The Court recognizes that the proceeds of the Receivership estate fall far short of the losses to the victims; this unfortunate outcome is due to Ryan's criminality and negligence. On February 10, 2011 (Dkt. No. 60), the Receiver informed the Court that "the real estate owned by Prime is over encumbered and/or of little value to this Receivership estate." He explained:

> a. ...[T]he properties are for the most part encumbered well beyond any reasonable expectation of value. Some are mired in litigation. Some are not even owned by Prime. Others have clouds on their titles. Significant unpaid real estate taxes, which accrued prior to this case being commenced and have accrued since, impair the value of most properties. Most of the properties are the victims of deferred maintenance and, in some cases, serious structural issues.
> b. What is plain is that prior to the commencement of this action, Mr. Ryan had neglected the properties and had not used their cash flow to keep current on most loan payments, tax payments, maintenance and other uses related to preserving the properties. Indeed. no tenant security deposits were segregated as required by New York law.

Foreclosures were pending against some of the properties (Dkt. No. 67). The record fully supports the Receiver's description of the estate and his handling of the numerous and complex issues involved. The Court commends the Receiver for accomplishing the challenging task of managing and disposing of these properties, so as to recover some value for the victims of Ryan's criminal conduct, while protecting the interests of the properties' tenants and lienholders. The Court approves the Receiver's final accounting and authorizes the Receiver to abandon the remaining assets as having little or no value for unsecured creditors.

Regarding compensation, the Receiver fully documents expenditures of $76,856.15 in legal time through July 31, 2012, plus substantial non-attorney services. His fee request is as

follows:

> In summary, the Receiver requests compensation in the amounts of: (i) one third of monies held by the Receiver as of the date an order may be entered on this matter (as of August 31, the Receiver held $113,553.22, which would equate to a fee of $37,851.07); and (ii) one third of monies anticipated to be recovered from the sale of the 17 First Street, Troy, New York property on which the Receiver has a secured claim recognized in the Chapter 11 bankruptcy of Sandy Horowitz. Thus the total fee, in the best case, would be $54,517.74 (1/3 of monies on hand plus $16,666.67); far less than the value of the actual legal time, not to mention legal assistant time, expended.

(Citation to record omitted.) This amount represents significantly less than the actual value of services provided. The Receiver explains:

> It has been the Receiver's historical practice in almost 17 years of serving as a Chapter 7 bankruptcy trustee to limit his requests for compensation, when needed, to approximately one-third of the funds on hand or anticipated to be collected. The Receiver believes that this approach, as applied in this case, is fair, reasonable and protects the interests of the victims of Mr. Ryan's admitted fraud while providing fair, albeit less than market rate, compensation to the Receiver for his lengthy service. Further, the Receiver is sharing the risk with the creditors of this case in not being compensated on what is hoped to be an additional $50,000.00 recovery from the sale of 17 First Street.

(Paragraph breaks and numbering omitted.) The Receiver adds that he reviewed the fee request with the SEC before making the motion. Upon review of the file and the lengthy proceedings in this matter, the Court finds that the fee request is eminently fair and appropriate, and approves it. The Receiver's motion is granted in all respects.

It is therefore

ORDERED that the Receiver's motion (Dkt. No. 99) is granted; and it is further

ORDERED that the Receiver is authorized to abandon the remaining assets as having little or no value for unsecured creditors in this case; and it is further

ORDERED that the Receiver's final accounting is approved; and it is further

ORDERED that the Receiver is authorized to pay himself compensation and reimbursement of expenses in the amounts of: (i) one third of monies held by the Receiver as of the date of this Memorandum-Decision and Order; and (ii) one third of monies recovered from the sale of the 17 First Street, Troy, New York property on which the Receiver has a secured claim recognized in the Chapter 11 bankruptcy of Sandy Horowitz; and it is further

ORDERED that Bosman & Associates, PLLC is entitled to receive $25,000 from the proceeds of the $50,000 lien on the 17 First Street, Troy, New York property, if and when the lien is paid; and it is further

ORDERED that the Receiver is authorized to turn over remaining funds and funds to be received to the Securities and Exchange Commission for distribution to creditors upon further order of the Court; and it is further

ORDERED that upon notice from the Receiver that these tasks have been completed, the Court will sign an order submitted by the Receiver terminating the Receivership; and it is further

ORDERED that, after receipt of the remaining funds, the Securities and Exchange Commission shall make a motion, on notice to interested parties, setting forth a proposed procedure for notifying creditors and facilitating the filing of claims.

IT IS SO ORDERED.

Date:   January 14, 2013
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge