UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

-against-

MATTHEW JOHN RYAN and
PRIME RATE AND RETURN, LLC,
individually and doing business as
AMERICAN INTEGRITY FINANCIAL CO.,

            Defendants.

1:10-CV-0513 (NAM/RFT)

---

## FINAL JUDGMENT AS TO
## DEFENDANT PRIME RATE AND RETURN, LLC

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Prime Rate and Return, LLC, individually and doing business as American Integrity Financial Company ("Prime Rate" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment; and the Court having appointed Paul A. Levine, Esq. as temporary receiver over Prime Rate on May 3, 2010 in its Order to Show Cause, and as receiver over Prime Rate on June 7, 2010 in its Stipulation and Consent Order Imposing Preliminary Injunction and Other Relief Against Defendants ("Preliminary Injunction"); and the Court having authorized the Receiver to represent Prime Rate in this action, and to resolve this action against the Commission, in Section V(p) of the Preliminary Injunction; and the Court having granted the

Receiver's motion to abandon remaining assets, to pay compensation and reimbursement of expenses, to approve a final accounting and to turn over the remaining funds to the Commission by order dated January 14, 2013 ("January 14, 2013 Order"):

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Prime Rate, and each of Prime Rate's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, e-mail, facsimile or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, by directly or indirectly:

   (a)   employing any device, scheme or artifice to defraud;

   (b)   obtaining money or property by means of an untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   (c)   engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED that Prime Rate, and each of its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, e-mail, facsimile or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

2

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED that Prime Rate and each of its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

3

    instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS HEREBY FURTHER ORDERED that Defendant is liable for disgorgement of $6.5 million, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $616,662. This obligation shall be satisfied by the Receiver's prior payment to the Commission of $71,927, plus payment to the Commission of any amount recovered from the sale of the real property located at 17 First Street in Troy, New York, after payment of the amount to Bosman & Associates, PLLC ordered by the Court in the January 14, 2013 Order, and payment of the 33% Receiver's fee, as approved by the Court in the January 14, 2013 Order.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by operating account check

4

drawn on the Receiver's account at First Niagara Bank, N.A., payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Prime Rate as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**V.**

IT IS FURTHER ORDERED that the Consent of Prime Rate is incorporated herein with the same force and effect as if fully set forth herein, and that Prime Rate shall comply with all of the undertakings and agreements set forth therein.

**VI.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: April 1, 2013

HON. NORMAN A. MORDUE
CHIEF JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

-against-

MATTHEW JOHN RYAN and
PRIME RATE AND RETURN, LLC,
individually and doing business as
AMERICAN INTEGRITY FINANCIAL CO.,

            Defendants.

1:10-CV-0513 (NAM/RFT)

---

## CONSENT OF DEFENDANT PRIME RATE AND RETURN, LLC

1. On May 3, 2010, the Court issued an order to show in this action and appointed Paul A. Levine, Esq. as Temporary Receiver over defendant Prime Rate and Return, LLC ("Prime Rate" or "Defendant"). On June 7, 2010, the Court entered an order imposing a preliminary injunction and other relief ("Preliminary Injunction"), by which the Court appointed Levine as Receiver over Prime Rate. Section V(p) of the Preliminary Injunction granted the Receiver the authority to represent Prime Rate in this action, and authorized the Receiver to resolve this action against the Commission.

2. Defendant waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action.

3. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to

1

the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violating Sections 5 and 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e & 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and

(b) orders that defendant is liable for disgorgement of $6.5 million and prejudgment interest of $616,662 thereon, and orders that said disgorgement and prejudgment interest be deemed satisfied by the Receiver's prior payment to the Commission of $71,927, after payment of the amount to Bosman & Associates, PLLC ordered by the Court in its Order dated January 14, 2013 ("January 14, 2013 Order") and payment of the 33% Receiver's fee, as approved by the Court in the January 14, 2013 Order.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the

3

Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 3/8, 2013

_____
Prime Rate and Return LLC
by its Receiver, Paul A. Levine, Esq.

On March 8, 2013, Paul A. Levine, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

PATRICIA HARTL
Notary Public, State of New York
Qualified in Albany County
No. 4910271
Commission Expires 11/2/13

5