UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,       1:10-CV-0513 (NAM/RFT)

   -against-

MATTHEW JOHN RYAN and
PRIME RATE AND RETURN, LLC,
individually and doing business as
AMERICAN INTEGRITY FINANCIAL CO.,

      Defendants.

───────────────────────────────────────────────

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT MATTHEW J. RYAN'S RULE 60(b) MOTION**

Preethi Krishnamurthy (N.D.N.Y. Bar # 516214)
Kristine M. Zaleskas (N.D.N.Y. Bar # 516215)
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street
New York, New York 10281-1022
(212) 336-0116 (Krishnamurthy)
(212) 336-0189 (Zaleskas)
krishnamurthyp@sec.gov
zaleskask@sec.gov

*Attorneys for Plaintiff*

October 19, 2015

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................................... 1

RELEVANT PROCEDURAL HISTORY........................................................................................... 2

ARGUMENT.............................................................................................................................................. 3

    I.     Ryan's Motion Warrants No Relief Under Rule 60(b)............................................................ 3

           A.   No Mistake, Inadvertence, Surprise or Excusable Neglect Entitles Ryan to Relief .. 4

           B.   No Newly Discovered Evidence Exists............................................................................ 6

           C.   No Fraud Has Been Perpetrated on the Court................................................................ 7

           D.   The Court's Judgment Is Not Void ................................................................................... 7

    II.    Ryan's Motion Does Not Warrant Relief Under Rule 59(e)................................................ 10

CONCLUSION......................................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Bousley v. United States*, 523 U.S. 614 (1998) ................................................................................9

*Broadway v. City of New York*, No. 96 Civ. 2798 (RPP), 2003 WL 21209635
    (S.D.N.Y. May 21, 2003) ...........................................................................................................4

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011) ..................................8

*Clovis v. Herald Co.*, No. 89-cv-703, 1993 WL 56017 (N.D.N.Y. Mar. 1, 1993) ...........................9

*Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730 (2d Cir. 1980) ............................................9

*Croons v. New York State Office of Mental Health*, 304 F.R.D. 98 (N.D.N.Y. 2015) ..............3, 11

*Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815 (2d Cir. 1996) ............................................3

*Flaherty v. Hackeling*, 221 F.R.D. 383 (E.D.N.Y. 2004) ................................................................4

*Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180 (2d Cir. 2006) ..............................................8

*Jedrejcic v. Croatian Olympic Committee*, 190 F.R.D. 60 (E.D.N.Y. 1999) ..................................4

*Jolin v. Casto*, 238 F.R.D. 48 (D. Conn. 2006) ...............................................................................4

*Leonard v. Lowe's Home Ctrs., Inc.*, No. 00 Civ. 9585 (RWS), 2002 WL 548745
    (S.D.N.Y. Apr. 12, 2002) .......................................................................................................4, 5

*Mabry v. Johnson*, 467 U.S. 504 (1984) ..........................................................................................9

*Maietta v. Artuz*, 84 F.3d 100 (2d Cir. 1996) ..................................................................................5

*Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986) ..............................................................................3

*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) .............................................................3

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ............................................................10

*SEC v. Calvo*, 891 F.2d 457 (2d Cir. 1989) .....................................................................................6

*SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53 (D. Conn. 1988) ..........................................5

*SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1994 WL 67826 (S.D.N.Y. Mar. 3, 1994) .....................5

*SEC v. Lorin*, No. 90 Civ. 7461 (PNL), 1991 WL 155767 (S.D.N.Y. Aug. 7, 1991) .....................5

*SEC v. McGinn, Smith & Co., Inc.*, No. 1:10-cv-457 (GLS/CFH), 2015 WL 667848
    (N.D.N.Y. Feb. 17, 2015) ..........................................................................................................9

*SEC v. Palmisano*, 135 F.3d 860 (2d Cir. 1998) .............................................................................9

*Texlon Corp. v. Mfrs. Hanover Commercial Corp.*, 596 F.2d 1092 (2d Cir. 1979) ........................8

*United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979) ...................................................................1

*United States v. International Bhd. of Teamsters*, 247 F.3d 370 (2d Cir. 2001) ............................6

*United States v. Yousef*, 750 F.3d 254 (2d Cir. 2014) .....................................................................8

*United States v. Teyibo*, 877 F. Supp. 846 (S.D.N.Y. 1995) ............................................................. 9

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) ..................................................... 8

*Watson v. Geithner*, 355 Fed. Appx. 482 (2d Cir. 2009) .................................................................... 5

**Statutes**

15 U.S.C. § 78u(g) ...................................................................................................................... 5, 6

15 U.S.C. § 78aa ............................................................................................................................. 8

**Federal Rules of Civil Procedure:**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 9

Fed. R. Civ. P. 59(e) ................................................................................................................. 1, 10

Fed. R. Civ. P. 60(b) .............................................................................................................. *passim*

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this memorandum of law in opposition to the Motion to Reopen a Judgment Pursuant to Rule 60(b)(1), (c)(1) of the Federal Rules of Civil Procedure (the "Motion") filed by Defendant Matthew J. Ryan ("Ryan"). For the reasons below, Ryan's Motion should be denied.

## PRELIMINARY STATEMENT

Over four years ago, Ryan pleaded guilty to securities fraud in a parallel criminal proceeding. In doing so, he admitted every element of both a criminal and civil securities fraud claim. Earlier this year, after a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), in the criminal proceeding, the Court issued a detailed restitution Order determining that Ryan's fifty victims lost over $3.8 million from his fraud. The Court noted that Ryan's hearing testimony "exhibit[ed] no remorse; indeed, he continues to insist—even after pleading guilty—that he has done nothing wrong." Soon afterwards, the Commission moved for summary judgment against Ryan based on collateral estoppel and his plea agreement admissions. Last month, just after Ryan filed an opposition to the summary judgment motion over one month after his deadline had run, the Court granted the Commission's motion and entered judgment against Ryan. The Court permanently enjoined Ryan from future violations of the securities laws and ordered Ryan to disgorge all his ill-gotten gains but deemed the latter obligation satisfied by the Court's amended restitution Order.

Continuing to re-litigate his liability, Ryan now seeks relief from the Court's judgment under Federal Rule of Civil Procedure ("Rule") 60(b). Ryan primarily contends that the Court should have treated his belated opposition to the summary judgment motion as timely filed and, presumably based on his opposition, denied the Commission's motion. Yet neither Ryan's opposition to the summary judgment motion nor his instant Motion points to any fact or law that would render the Court's Order granting summary judgment to the Commission incorrect or unjust. Nor does Ryan's Motion, even if treated as a motion for reconsideration under Rule 59(e), warrant relief. Ryan does

not and cannot legitimately contest his liability after pleading guilty to the very securities fraud at issue here. His Motion should be denied.

## RELEVANT PROCEDURAL HISTORY

On March 9, 2015, the Commission filed a status report informing the Court that it intended to file a summary judgment motion against Ryan by May 8, 2015, if the parties could not reach a settlement. (Docket No. 124.)[1] On April 27, 2015, the Clerk of the Court (the "Clerk") docketed a letter from Ryan, dated April 22, 2015, seeking a 90-day adjournment for any opposition to the Commission's summary judgment motion. (Docket No. 126.) On April 29, 2015, the Court denied Ryan's request for an adjournment with the right to renew his request after the Commission filed a motion for summary judgment. (Docket No. 127.)

On May 8, 2015, the Commission filed and served its motion for summary judgment against Ryan, with a 23-page memorandum of law in support. (Docket No. 128.) The Commission sought summary judgment on two grounds: (1) collateral estoppel based on Ryan's guilty plea to one count of securities fraud; and (2) Ryan's admissions in his plea agreement. (*Id.* at Attach. 1.) The Commission also served Ryan with the Court's form Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment. (Docket No. 128 at Attach. 13.) Among other things, the notice informed Ryan that if he did not respond to the motion "*on time* with affidavits or documentary evidence contradicting the material facts asserted by the plaintiff, … [j]udgment may then be entered in plaintiff's favor without a trial." (*Id.* (emphasis added).) On May 11, 2015, the Court ordered Ryan to respond to the summary judgment motion by June 1, 2015. (Text Notice without Docket No.) On May 26, 2015, the Clerk docketed a letter from Ryan, dated May 22, 2015, seeking an adjournment until August 31, 2015. (Docket No. 131.)

---

[1] This memorandum refers to filings in this action by their docket entry numbers, as reflected in the Court's Electronic Case Filing (ECF) system.

On June 1, 2015, the Court—rejecting Ryan's request for a three-month adjournment—instead granted Ryan a 45-day adjournment until July 15, 2015. (Docket No. 134.) On September 3, 2015, the Clerk docketed Ryan's opposition to the Commission's motion for summary judgment, dated August 26, 2015. (Docket No. 135.) The next day, the Court entered its Memorandum-Decision and Order granting the Commission's motion for summary judgment. (Docket No. 136.) The Court noted that it had "received no opposition." (*Id.* at 1.) On September 10, 2015, the Court entered its Judgment in a Civil Case (the "Judgment") against Ryan. (Docket No. 137.)

## ARGUMENT

**I.      Ryan's Motion Warrants No Relief Under Rule 60(b).**

Rule 60(b) allows a court, in its discretion, to relieve a party from a final judgment against it for reasons including (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud…or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied…[or] it is based on an earlier judgment that has been reversed or vacated"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (3); *Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2d Cir. 1986) ("A motion seeking such relief is addressed to the sound discretion of the district court."). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer*, 793 F.2d at 61. Therefore, "motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit." *Croons v. New York State Office of Mental Health*, 304 F.R.D. 98, 100 (N.D.N.Y. 2015) (citation omitted).

To succeed on a Rule 60(b) motion, a movant "must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." *Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824–25 (2d Cir. 1996) (quoting *Nemaizer*, 793 F.2d at 61); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). To grant a Rule 60(b) motion, district courts in this Circuit generally "must find that (1) the circumstances of the case present grounds justifying relief and

3

(2) the movant possesses a meritorious claim in the first instance." *Jolin v. Casto*, 238 F.R.D. 48, 50 (D. Conn. 2006) (quoting *Flaherty v. Hackeling*, 221 F.R.D. 383, 386 (E.D.N.Y. 2004)); *Jedrejcic v. Croatian Olympic Committee*, 190 F.R.D. 60, 77 (E.D.N.Y. 1999) (quotation marks and citation omitted). "*Pro se* litigants are not excused from producing 'highly convincing' evidence in support of motions to vacate a final judgment." *Leonard v. Lowe's Home Ctrs., Inc.*, No. 00 Civ. 9585 (RWS), 2002 WL 548745, at *3 (S.D.N.Y. Apr. 12, 2002) (citations omitted); *see also Broadway v. City of New York*, No. 96 Civ. 2798 (RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) ("[T]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel."). Citing several grounds under Rule 60(b), Ryan contends that the Judgment should be "re-opened." (Mot. at 2–3.) None of his arguments has merit, and he can demonstrate no exceptional circumstances warranting the extraordinary relief he seeks.

### A. No Mistake, Inadvertence, Surprise or Excusable Neglect Entitles Ryan to Relief.

Ryan's primary argument appears to be that the Clerk or the Court made a "substantive" or "clerical" mistake by not treating his opposition to the Commission's motion for summary judgment as timely filed. (Mot. at 1–2, 4.)[2] Ryan contends he did not know that the Court had denied his request for an extension until August 31, 2015, because he did not receive the Order. (*Id.*) In essence, Ryan argues that the Court should have considered his opposition papers before deciding the motion for summary judgment. In fact, the Court did not err by failing to consider his untimely opposition papers and, even if it did, its consideration of his papers now should not change the outcome.

First, the Court made no mistake by disregarding Ryan's belated opposition papers. Ryan sent his opposition papers over a month after the Court's extended deadline to oppose the Commission's summary judgment motion. "*[P]ro se* statu[s] does not exempt a party from

---

[2]   This memorandum refers to attachments to Ryan's Motion by their page numbers rather than exhibit designations because certain attachments bear two different exhibit letters.

compliance with relevant rules of procedural and substantive law." *Leonard*, 2002 WL 548745, at *1 (internal quotation marks and citation omitted); *see also Watson v. Geithner*, 355 Fed. Appx. 482, 483 (2d Cir. 2009) (finding that district court did not abuse its discretion in refusing to consider *pro se* plaintiff's untimely opposition to motion for summary judgment). Nor is Ryan's claim that he did not receive the Court's Order extending his time only until July 15 plausible, given his receipt of other Orders in this matter.

Even if the Court mistakenly failed to consider Ryan's opposition to the summary judgment motion before entering the Judgment, the Court's consideration of his opposition now should not change the outcome. Ryan's groundless "den[ial] of all allegations…in the Motion for Summary Judgment" (Docket No. 135 at 1) cannot defeat summary judgment. Ryan's opposition sets forth no facts or law that would create any genuine dispute of material fact or provide a legal basis for Ryan to prevail on summary judgment. (*Id.* at 1–15.) In any event, Ryan's guilty plea and the criminal restitution order estop him from re-litigating the Commission's securities fraud claim against him and the disgorgement amount. *See Maietta v. Artuz*, 84 F.3d 100, 103 n.1 (2d Cir. 1996).

Indeed, Ryan's opposition consists entirely of unfounded allegations—in the form of purported counter-claims and cross-claims—against the Commission, its Chair, its counsel, the Department of Justice, and many other individuals and entities. (Docket No. 135 at 1–15.) The Commission did not and does not consent to any such claims. Section 21(g) of the Securities Exchange Act of 1934 therefore bars these purported counter-claims and cross-claims, and the Court should ignore them. *See* 15 U.S.C. § 78u(g); *see also, e.g., SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1994 WL 67826, at *3 (S.D.N.Y. Mar. 3, 1994) (striking defendant's cross-claims) ("Section 21(g) has been interpreted to bar the assertion of cross-claims."); *SEC v. Lorin*, No. 90 Civ. 7461 (PNL), 1991 WL 155767, at *1 (S.D.N.Y. Aug. 7, 1991) ("The language of [Section 21(g)]…is broad enough to bar counterclaims."); *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 72 (D. Conn. 1988) ("The

policy behind § 78u(g) is to promote the speedy resolution of SEC injunctive actions by preventing their consolidation with other actions…. That policy would be undercut by permitting [defendant's] proposed counterclaim.") (citations omitted), *aff'd*, *SEC v. Calvo*, 891 F.2d 457 (2d Cir. 1989).

### B. No Newly Discovered Evidence Exists.

Ryan next asserts that "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" supports his Motion. (Mot. at 2.) To succeed under this prong of Rule 60(b), Ryan has "an onerous standard to meet" and must demonstrate that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) [he] must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. International Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). Ryan apparently contends that the following constitutes "newly discovered evidence": "Plaintiff violating petitioner['s] attorney/client privilege and use of items removed from attorney/client emails read used and also on record, transcript of plaintiffs deposition of April 2010, asking about such emails from attorneys that were read and used." (Mot. at 2.)

Ryan's allegations do not meet the standard. First, Ryan's allegations are baseless. He essentially claims that the Commission sought privileged documents from him by subpoena and sought privileged information from him during his investigative testimony. Yet, as Ryan's Motion itself demonstrates, when the Commission sent Ryan an investigative subpoena for documents, Commission counsel told Ryan that he could withhold documents on the basis of an attorney-client privilege. (Mot. at 7 (Ltr. from Commission counsel enclosing document subpoena) ("If, for any reason—including a claim of attorney-client privilege—you do not produce something called for by the subpoena, you should submit a list of what you are not producing.").) As for Ryan's claim that the Commission sought privileged information from him during his investigative testimony, Ryan

6

was then represented by counsel. (Ex. 1 at 2, 6:8–14.)[3] During his testimony, Ryan's counsel instructed him not to answer questions that called for disclosing privileged communications, and the Commission staff carefully asked Ryan not to provide privileged information. (*Id.* at 42:6–9, 178:19–179:1, 180:1–4.) Second, even if Ryan's claims had any merit (which they do not), his objections would not constitute "evidence" of admissible facts. Third, Ryan's objections are not "newly discovered," as his Motion shows, because he first received a document subpoena from the Commission and provided investigative testimony over five years ago. (Mot. at 7–9 (Ltr. dated Feb. 12, 2010 from Commission counsel enclosing subpoena to Ryan); Mot. at 3 (referencing "transcript of plaintiff['s] deposition of April 2010").) Finally, in any event, Ryan's belated objections hold no importance because the Court's Order granting summary judgment did not rely on any purportedly privileged emails or investigative testimony. (Docket No. 136 at 9–10, 11, 12–15.)

### C. No Fraud Has Been Perpetrated on the Court.

Ryan also contends that a fraud has been perpetrated on the Court. (Mot. at 2.) He claims that the Commission "failed to provide all the information to the court and the Department of Justice, as per informing the use of one bank when plaintiff subpoenaed numerous banks for accounts used by the petitioner." (*Id.* at 2–3.) Ryan fails to specify what information the Commission purportedly failed to provide and how any such purported failure perpetrated a fraud on the Court. In any event, the Court's summary decision rested on Ryan's guilty plea and plea agreement admissions, not on information obtained from the Commission's investigative subpoenas to banks.

### D. The Court's Judgment Is Not Void.

Ryan further contends that, under Rule 60(b)(4), "the judgment is void." (Mot. at 2.) He claims that the "plea agreement was voided by" himself and "judgment of factual findings have

---

[3] "Ex." refers to the exhibits attached to the Declaration of Steven G. Rawlings, filed in support of the Commission's opposition to Ryan's Motion.

never been rendered" by the Court "violating his const[itutional] rights to a speedy trial." (Mot. at 2.) Ryan misapprehends Rule 60(b)(4).

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final…. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule. A judgment is not void, for example, simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks and citations omitted). Indeed, "[a] judgment is void under Rule 60(b)(4)…'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 193 (2d Cir. 2006) (quoting *Texlon Corp. v. Mfrs. Hanover Commercial Corp.,* 596 F.2d 1092, 1099 (2d Cir.1979)). None of these three situations applies here.

First, the Court has subject matter jurisdiction over this action because the Commission's claims arise under the federal securities laws. *See* 15 U.S.C. § 78aa; *United States v. Yousef*, 750 F.3d 254, 261–62 (2d Cir. 2014) ("[S]ubject-matter jurisdiction [in a civil case] was established by 15 U.S.C. § 78aa, which grants district courts original jurisdiction over federal securities law claims.").

Second, the Court has personal jurisdiction over Ryan, who waived any such objection in his signed consent to personal jurisdiction and a separate waiver of service of the Summons. (Docket No. 11 at 1, 16; Docket No. 10 at Attach. 1.); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) ("Personal jurisdiction, unlike subject-matter jurisdiction, can…be purposely waived or inadvertently forfeited.").

Third, the Court did not deprive Ryan of due process. Broadly construed, Ryan's Motion appears to make several different due process arguments, none of which has merit. He first claims the Judgment is void on double jeopardy grounds and because he has appealed the criminal restitution order. (Mot. at 2 ("Restitution decision is currently being appeal[ed] therefore the court

8

can not render or to base a civil decision on [*sic*] and falls under double jeopardy.").) These arguments lack any legal basis. *See, e.g., SEC v. Palmisano*, 135 F.3d 860, 864–66 (2d Cir. 1998) (holding that double jeopardy is "inapplicable" and does not bar disgorgement and civil penalties in Commission actions where a defendant has been subjected to criminal sanctions); *SEC v. McGinn, Smith & Co., Inc.*, No. 1:10-cv-457 (GLS/CFH), 2015 WL 667848, at *7 (N.D.N.Y. Feb. 17, 2015) ("[C]ollateral estoppel may apply even during the pendency of an appeal.") (citing cases).

Ryan next claims he is entitled to a trial in his criminal proceeding despite having pleaded guilty. (Mot. at 3 ("Plea agreement was voided by petitioner and judgment of factual findings have never been rendered by the presiding judge violating [Ryan's] constitutional rights to a speedy trial.").) This argument similarly has no merit. Ryan cannot collaterally attack his plea agreement in his criminal proceeding through a Rule 60(b) motion in this civil action: his pending criminal appeal is the proper mechanism for attacking his guilty plea. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.") (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)); *Clovis v. Herald Co.*, No. 89-cv-703, 1993 WL 56017, at *2 n.1 (N.D.N.Y. Mar. 1, 1993) ("This court has no jurisdiction to vacate another court's judgment. The only judgment at issue here [on plaintiff's Rule 60(b) motion] is the one which this court entered in August 1989."); *cf. Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732–34 (2d Cir. 1980) (permitting a second federal court to void under Rule 60(b) a first federal court's default judgment where the first federal court did not have personal jurisdiction over the parties and the issue had not been litigated in the first court). To the extent Ryan claims—either in addition or in the alternative— that he is entitled to a trial in this action (Mot. at 3), his argument similarly lacks merit. Rule 56(a) entitles civil litigants to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

9

Finally, Ryan seems to contend that, during its investigation, the Commission staff never provided him with *Miranda* warnings before taking his testimony. (Mot. at 9–14 (bearing the handwritten notation "Never Mirandized").) In fact, Ryan received a Commission Form 1662 with the Commission's investigative subpoenas seeking documents and testimony. (Ex. 2 at 1, 3, 11–15; Ex. 3 at 1, 2, 4–8.) The Form 1662 carefully explained that, among other things, Ryan had a right to counsel, that his testimony could be used against him in a criminal proceeding, and that he had a Fifth Amendment right to refuse to provide any information that "may tend to incriminate" him. (Ex. 2 at 11, 12, 13; Ex. 3 at 4, 5, 6.) The cover letter enclosing the Form 1662 exhorted Ryan to "read it carefully." (Ex. 2 at 3; Ex. 3 at 1.) Later, at the start of his investigative testimony, Ryan received another copy of the Form 1662 and testified that he had had an opportunity to review it. (Ex. 1 at 6:15–19.) Like his other due process arguments, therefore, Ryan's *Miranda* argument has no merit. *See United States v. Teyibo*, 877 F. Supp. 846, 855–56 (S.D.N.Y. 1995) (rejecting criminal defendant's due process argument that he received no *Miranda* warning at his Commission testimony where defendant received a Commission Form 1662 before testifying).[4]

## II.     Ryan's Motion Does Not Warrant Relief Under Rule 59(e).

Rule 59(e) allows motions for reconsideration of a decision, and Ryan's Motion could be interpreted as such a motion. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Put another way, "[a] Rule 59(e) motion requires a [movant] to satisfy the heavy burden of

---

[4] Ryan's Motion also quotes portions of Rule 60(b)(5) (Mot. at 3), which permits relief where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Ryan offers no grounds for applying this prong of Rule 60(b)(5), and none applies here.

10

demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Croons*, 304 F.R.D. at 100 (internal quotation marks and citations omitted). For all the reasons set forth above in Part I, Ryan cannot meet this standard. Ryan offers no factual or legal basis for the Court to deny summary judgment.

## CONCLUSION

For the foregoing reasons, the Court should deny Ryan's Motion.

Dated: New York, New York
October 19, 2015

s/ Preethi Krishnamurthy
Preethi Krishnamurthy (N.D.N.Y. Bar # 516214)
Kristine M. Zaleskas (N.D.N.Y. Bar # 516215)
ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street
New York, New York 10281-1022
(212) 336-0116 (Krishnamurthy)
(212) 336-0189 (Zaleskas)
